UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARK CATO,

        Plaintiff,

    v.

GOODWILL INDUSTRIES OF SAN FRANCISCO,

        Defendant.
_____/

No. C-11-2553-DMR

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Defendant Goodwill Industries of San Francisco moves the court pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff Mark Cato's complaint for failing to state a claim upon which relief can be granted. For the reasons below, the court grants Defendant's motion.

**I. Background and Procedural History**

According to Plaintiff's complaint, on or about July 20, 2005,[1] he was sexually harassed during the course of his employment with Defendant. (Compl. ¶¶ 6-7; *see* Def.'s Req. for Judicial Notice Ex. A at 2-3.) After he informed Defendant about the incident, he asserts that Defendant demoted and fired him, refused to pay him wages due, and undertook unspecified retaliatory actions due to his race. (Compl. ¶ 6; *see* Def.'s Req. for Judicial Notice Ex. A at 2-3.) Plaintiff also contends that through these actions, Defendant subjected him to great emotional distress. (Compl. ¶ 6.)

---

[1] On August 15, 2011, Defendant filed a request for the court to take judicial notice pursuant to Federal Rule of Evidence 201 of a verified discrimination complaint that Plaintiff previously filed with the California Department of Fair Employment and Housing. (*See generally* Def.'s Req. for Judicial Notice.) In that complaint, Plaintiff states that the discrimination for which he has brought suit most recently occurred on January 12, 2011. (Def.'s Req. for Judicial Notice Ex. A at 1.) At the September 22, 2011 hearing, Plaintiff confirmed that this was an error and that all underlying events took place in 2005.

On March 2, 2011, Plaintiff filed a discrimination complaint with the California Department of Fair Employment and Housing ("DFEH"). (Def.'s Req. for Judicial Notice Ex. A.) On March 29, 2011, he also filed a complaint with the Federal Equal Employment Opportunity Commission ("EEOC"). (Compl. ¶ 8.) The EEOC dismissed his claim nine days later as untimely filed. (Compl. Attach 1.) Plaintiff, proceeding *pro se*, then brought suit in this Court claiming, *inter alia*, job discrimination and retaliation on the basis of sex and race under Title VII, wrongful termination, unpaid wages, and the intentional infliction of emotional distress. Defendant now moves to dismiss.

## II. The Legal Standard for a Motion to Dismiss

When reviewing a motion to dismiss for failing to state a claim, the court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case "only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citation & quotation marks omitted). When a complaint presents a cognizable legal theory, the court may grant the motion if the complaint lacks "sufficient factual matter to state a facially plausible claim to relief." *Id.* (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citation omitted).

## III. Analysis

Plaintiff has failed to state facially plausible claims in his complaint, because each claim is time barred by its respective statute of limitations.

An individual seeking redress under Title VII in California must file an administrative charge with the EEOC within 300 days of the alleged unlawful employment practice before commencing a civil employment discrimination suit in Federal court. 42 U.S.C. § 2000e-5(f); *E.E.O.C. v. Cal. Psychiatric Transitions, Inc.*, 644 F. Supp. 2d 1249, 1264 (E.D. Cal. 2009). In this case, Plaintiff filed his charge with the EEOC approximately five-and-a-half years after the alleged incidents at issue. Because he did not present his allegations to the EEOC within the allotted time, he did not

properly exhaust his administrative remedies and may not bring his Title VII claims before the Court.

Plaintiff's claims of employment discrimination that could fall under the California Fair Employment and Housing Act fail for the same reason. Statute requires a complainant to file a complaint with the California Department of Fair Employment and Housing within a year of the alleged discriminatory acts. Cal. Gov't Code § 12960(d); *see also* § 12940. Plaintiff filed his complaint with the DFEH over five years after the date of the alleged acts, making his claims time barred under California law.

Plaintiff does not specify the nature of his claim for unpaid wages, but the statute of limitations on the claim has passed under Federal and California law. Under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, a party must commence an action for unpaid wages within two or three years after the cause of action has accrued, depending on the nature of the alleged violation. *Id.* § 255(a). Under California law, a similar action must begin within two, three, or four years of the date of accrual, depending on the alleged violation. *Cuadra v. Millan*, 17 Cal. 4th 855, 859 (1998). Again, in this case Plaintiff waited nearly six years to file suit.

Under California law, claims for wrongful employment termination, the intentional infliction of emotional distress, and other actions sounding in negligence have a two-year statute of limitations. Cal. Civ. Proc. § 335.1. Plaintiff cannot proceed with these claims, because he filed them nearly four years too late.

### IV. Conclusion

Because Plaintiff's claims are time barred, the court finds that he has failed to state a claim upon which relief can be granted. Defendant's motion to dismiss therefore is GRANTED, and this case DISMISSED with prejudice.

IT IS SO ORDERED.

Dated: September 22, 2011

DONNA M. RYU
United States Magistrate Judge

3