<table>
<tr><td>1</td><td></td></tr>
<tr><td>2</td><td></td></tr>
</table>

UNITED STATES DISTRICT COURT

Northern District of California

San Francisco

| | |
|---|---|
| MARK CATO, | No. C 11-05156 LB |
| Plaintiff, | **ORDER RE-REFERRING CASE TO U.S. MAGISTRATE JUDGE DONNA M. RYU TO DETERMINE WHETHER CASES ARE RELATED; ORDER CONTINUING CASE MANAGEMENT CONFERENCE IN C 11-5156 LB** |
| v. | |
| COMMUNITY JOB PROGRAM, *et al.*, | |
| Defendants. | |

Plaintiff Mark Cato filed this lawsuit on October 20, 2011. ECF No. 1. Following his consent to this court's jurisdiction, the undersigned granted his Mr. Cato's motion to proceed in forma pauperis, and the U.S. Mashall issued a summons as to named defendants Community Job Programs and S.F. Private Industry Council. ECF Nos. 5, 6, 7. On January 9, 2012, Goodwill filed a motion to dismiss on the ground that on September 22, 2011, Magistrate Judge Ryu dismissed a case based on the same facts on statute of limitations grounds. Memorandum, ECF No. 9-1 at 2; Request for Judicial Notice (referencing *Cato v. Goodwill Indus. of San Francisco*, C 11 2553 DMR). Goodwill also moved to dismiss on the ground that the named defendants (Community Jobs Programs and S.F. Private Industry Council) were not served, Goodwill is not a named defendant, Goodwill mistakenly accepted service (which was incorrectly addressed to Goodwill's headquarters), and service was defective. *Id.* at 2-3; *see also* Order, ECF No. 13. Plaintiff did not file an opposition by the due date, and the court then denied the motion to dismiss for several reasons but ultimately quashed the December 19, 2011 service attempt on Goodwill. Order, ECF No. 12. By separate order, the court

extended the due date for service from February 17, 2012 to March 16, 2012 and ordered Mr. Cato to provide accurate service addresses to the U.S. Marshal or file proof of service for the named defendants by March 16, 2012 (or show good cause for his failure to do so).  Order, ECF No. 13, at 2-3.  The court also warned him that failure to comply with the order would result in dismissal without prejudice under Federal Rule of Civil Procedure 4(m).  *Id.*   Thereafter, Mr. Cato filed a late opposition to the motion to quash, noting that Magistrate Judge Ryu previously (1) said that Goodwill was not the proper defendant and Community Job Program was the correct defendant and (2) encouraged him to re-file.  Opposition, ECF No. 15 at 3; *cf.*  Order Granting Goodwill's Motion to Dismiss, C 11 5156 DMR, ECF No. 9-3 (dismissing case with prejudice for failure to state a claim).

For all of these reasons, the court previously referred this matter to Judge Ryu as the low number case to determine whether the cases are related.  Order, ECF No. 21.  That referral never was docketed on the docket sheet in her case, and so by this order, the court re-issues its request (and includes this timeline to set forth the procedural history).

Under the circumstances, the court vacates the case management conference currently set for June 7, 2012, at 10:30 a.m. and re-sets it for July 12, 2012 at 10:30 a.m.

**IT IS SO ORDERED.**

Dated: June 5, 2012

_____
LAUREL BEELER
United States Magistrate Judge